AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| ALEX KIRK HARKRIDER | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant* | | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*   ALEX KIRK HARKRIDER                                                                                          ,

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☑ Complaint
☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice  ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. §§ 1752 (a), 1752(b)(1)(A)  -  Conspiracy and Unlawful Entry with Dangerous Weapon
40 U.S.C. §§ 5104(e)(2), 5104(e)(2)(D) and (G) - Violent Entry and Disorderly Conduct on Capitol Grounds
18 U.S.C. § 2(a)  -  Aiding and Abetting

Date:     01/17/2021

_____
*Issuing officer's signature*

City and state:     WASHINGTON, D.C.

Zia M. Faruqui, U.S. Magistrate Judge
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* 1/17/2021 , and the person was arrested on *(date)* 1/18/2021 at *(city and state)* CARTHAGE, TEXAS . |
| Date: 1/19/2021          _____  *Arresting officer's signature*  |
| SPECIAL AGENT NEAL WILLIAMS, FBI  *Printed name and title* |

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
District of Columbia

| | | |
|---|---|---|
| United States of America | ) | 6:21-MJ-00028-KNM |
| v. | ) | |
| ALEX KIRK HARKRIDER | ) | Case No. |
| ███████████ | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ January 6, 2021 _____ in the county of _____ in the _____ District of _____ Columbia _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 1752(a),1752(b)(1)(A) | Conspiracy and Unlawful Entry with Dangerous Weapon; |
| 40 U.S.C. §§ 5104(e)(2), 5104(e)(2) (D) and (G) | Violent Entry and Disorderly Conduct on Capitol Grounds; |
| 18 U.S.C. § 2(a) | Aiding and Abetting |

This criminal complaint is based on these facts:

See attached affidavit.

☐ Continued on the attached sheet.

*Michael D Brown*
*Complainant's signature*

MICHAEL D. BROWN, Special Agent, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by Telephone (specify reliable electronic means).

Date: _____ 01/17/2021 _____

2021.01.17
22:42:16 -05'00'
*Judge's signature*

City and state: _____ WASHINGTON, D.C. _____

Zia M. Faruqui, U.S. Magistrate Judge
*Printed name and title*

| | |
|---|---|
| DATE: | 1/19/2021 |
| LOCATION: | Tyler |
| JUDGE: | K. Nicole Mitchell |
| DEP.CLERK: | Lisa Hardwick |
| RPTR/ECRO: | Lisa Hardwick |
| USPO: | Nathan Manley |
| INTERPRETER: | -------------------------------- |
| START TIME: | 11:38 a.m. |
| END TIME: | 11:48 a.m. |

**CASE NUMBER      6:21-MJ-00004-KNM**

**UNITED STATES OF AMERICA**
**V.**
**ALEX KIRK HARKRIDER**

| AUSA | DEFENSE COUNSEL |
|---|---|
| **RYAN LOCKER** | **GREG WALDRON** |

### INITIAL APPEARANCE RULE 5c
### (via video conference)

| | | | |
|---|---|---|---|
| ☒ | Initial Appearance called | ☒ | Initial appearance held |
| ☒ | Dft appears with counsel | ☐ | Dft appears without counsel |
| ☒ | Date of Arrest: 1/18/21 | ☒ | Dft's first appearance with counsel |
| ☒ | Dft advised of charges | ☒ | Dft advised of right to counsel |
| ☒ | Dft advised of maximum penalties | ☒ | Dft advised of right to remain silent |
| ☒ | Dft request appointed counsel, is sworn & examined re: financial status | ☒ | Court finds Dft eligible and appoints: CJA Attorney Greg Waldron for this district only |
| ☒ | Govt moved for Detention | ☒ | Gvt Oral Motion for Continuance of Detention Hearing |
| ☒ | Waiver of Detention and Preliminary Hearing in this district but reserves the right to reopen in the prosecuting district. | ☒ | Waiver of Rights and Consent to Proceed by Video Conference |
| ☒ | Order of Temporary Detention: Detention Hearing set for 1/22/21 at 1:30 p.m. | ☒ | Dft advised of Rule 20 Transfer |
| ☐ | Order of Detention | ☒ | Dft waived Hearing on Identity |
| ☒ | Dft remanded to the custody of the U.S. Marshals | ☐ | Order of Commitment signed |

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

UNITED STATES OF AMERICA,          §
                                   §
                                   §     **CASE NUMBER 6:21-MJ-00028-KNM**
v.                                 §
                                   §
                                   §
ALEX KIRK HARKRIDER                §
                                   §

## ORDER APPOINTING COUNSEL PURSUANT TO THE
## CRIMINAL JUSTICE ACT

  This Court has determined that the above-named Defendant is financially unable to obtain adequate representation in the above-styled case, and is otherwise qualified for appointment of counsel. Accordingly, this Court makes the following appointment pursuant to the Criminal Justice Act (18 U.S.C. § 3006A):

### APPOINTMENT OF COUNSEL

_____ The Federal Public Defender is appointed as counsel for the defendant.

___✓___ _Greg Waldron_____, a member of the Criminal Justice Act Panel of this District, is appointed as counsel.

_____ This Court determines that the defendant shall reimburse the Government for all attorney fees and costs incurred due to the appointment of counsel for his defense.

_____ This Court determines that the defendant may have funds to contribute to the cost of appointed counsel. The United States Attorney shall investigate to determine if funds exist and submit a report to the Court outlining the amount and method of payment in which defendant should be required to pay toward his defense.

### TYPE OF APPOINTMENT

| | |
|---|---|
| _____ Through trial and notice of appeal. | _____ Probation/Supervised Release Violation. |
| _____ All purposes including trial and appeal. | _____ Material/Grand Jury Witness. |
| _____ Initial appearance and bond only. | _____ Parole Violation. |
| _____ Appeal purposes only. | _____ Mental Hearing (18 U.S.C. § 313). |
| _____ Habeas Corpus. | ___✓___ Rule 5(c) Proceedings in this District. |

_____ Defendant is not eligible for appointment of counsel under 18 U.S.C. § 3006A, but he is entitled to an immediate hearing and it is in the interest of justice that the defendant be afforded the assistance of counsel; so the Federal Defender is temporarily appointed for that purpose.

It is SO ORDERED and SIGNED this 19th day of January 2021.

_K. Nicole Mitchell_
K. Nicole Mitchell, U.S. Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | § CASE NUMBER 6:21-MJ-00028-KNM |
| v. | § |
| | § |
| ALEX KIRK HARKRIDER | § |
| | § |
| | § |
| | § |

## WAIVER OF RIGHTS AND CONSENT TO PROCEED
## BY VIDEO CONFERENCE

   I, Alex Kirk Harkrider, the above-named defendant, along with his/her   undersigned attorney, hereby acknowledge the following and expressly consent to proceed by video conference.

(1) Defendant has received a copy of the charging instrument in this case.

(2)  Defendant understands he/she has the right to appear personally with his/her attorney before a federal judge in open court; and, that while he/she has the right to appear in person, he/she can waive that right and consent to a hearing by video conference.

(3)  Defendant affirmatively states he/she has no objection to proceeding by video conference.

(4)  Defendant, having conferred with his/her attorney, understands that by signing this form, he/she is knowingly and voluntarily waiving (giving up) any right to personal appearance and providing consent (agreeing) for this court proceeding to be conducted by video conference as provided for in Rules 5 and 10 of the Federal Rules of Criminal Procedure.

Date: _____1/19/21_____     _____

                 Defendant

                 _____

                 Defendant's Attorney

_____

United States Magistrate Judge

AO 466A (Rev. 12/17)  Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.  6:21-MJ-00028-KNM |
| ALEX KIRK HARKRIDER | ) | Charging District's Case No. |
| *Defendant* | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)*    District of Columbia

I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)    an identity hearing to determine whether I am the person named in the charges;

(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)    a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)    a hearing on any motion by the government for detention;

(6)    request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑    an identity hearing and production of the warrant.

☐    a preliminary hearing.

☐    a detention hearing.

☐    an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district.  I request that my
☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:   1/19/21

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Gregory A. Waldron
*Printed name of defendant's attorney*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

**DATE:**   January 22, 2021

**JUDGE**
K. Nicole Mitchell

**Courtroom Deputy**: Lisa Hardwick

**Law Clerk:** Terri Good

**Court Reporter:** Shea Sloan

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION: 6:21-MJ-28-KNM** |
| **V.** | |
| **ALEX KIRK HARKRIDER** | **DETENTION HEARING PRELIMINARY EXAMINATION** |

On this day, came the parties by their attorneys and the following proceedings were had:

**OPEN:   4:57 p.m.**                    **ADJOURN:   6:24 p.m.**

| TIME: | MINUTES: |
|---|---|
| 4:57 p.m. | Case Called.  Appearances made. Ryan Locker f/Government and Greg Waldron and David Moore f/Defendant |
| 4:57 p.m. | The government requested the Court take judicial notice of the proceedings held before this case re Ryan Taylor Nichols. Mr. Waldron objected, and stated his reasons on the record. Response by Mr. Locker.  The Court will take judicial notice of the previous hearing, but will not take into consideration any matters, or conduct, solely regarding Mr. Nichols. |
| 5:00 p.m. | TFO Gregory Harry was called as a witness by the government, was sworn, and testified on Direct Examination. GE-9 (SnapChat post) was offered. Objection as to relevance. The objection was overruled. GE-9 was admitted.  GE-10 (video clip)  was offered and admitted without objection. GE-11 (tomahawk hatchet) was offered and admitted without objection. GE-12 (photo image)  was offered and admitted without objection. |
| | Mr. Waldron requested leave to re-open detention if additional evidentiary matters comes to his attention that he did not have time to examine. The Court stated he had leave to do so. |
| 5:27 p.m. | Cross-Examination of TFO Harry by Mr. Waldron. |
| 6:07 p.m. | Re-Direct Examination of TFO Harry by Mr. Locker. GE-13 (photo image)   offered and admitted without objection. |

**DAVID A. O'TOOLE, CLERK**

**FILED: 1/22/2021**

BY: *Lisa Hardwick*, Courtroom Deputy

PAGE 2  - Proceedings Continued

| | |
|---|---|
| 6:09 p.m. | Re-Cross Examination of TFO Harry by Mr. Waldron. |
| 6:11 p.m. | The witness was excused. |
| 6:11 p.m. | The government rests. |
| 6:11 p.m. | Mr. Waldron proffered the testimony of the defendant's mother Donna Cox. |
| 6:15 p.m. | The defense rests. |
| 6:15 p.m. | Mr. Locker presented argument. |
| 6:16 p.m. | Mr. Waldron presented argument. |
| 6:23 p.m. | The Court found probable cause.  The Court granted the government's motion for detention. |
| 6:24 p.m. | There being nothing further, court was adjourned. The defendant was remanded to the custody of the U.S. Marshals. |
| | |
| | |
| | |
| | |
| | **Hearing Notes: The Court took judicial notice of the preliminary and detention hearing held for Ryan Taylor Nichols 6:21mj29, on this date from 1:35 p.m. to 4:47 p.m.** |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER   DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| V | § | CASE NO.  6:21-MJ-00028 |
| | | 6:21-MJ-00029 |
| RYAN TAYLOR NICHOLS | § | |
| ALEX KIRK HARKRIDER | § | |

## WITNESS LIST

| DATE 1/22/2021 | | HEARING: Detention Hearing | Lisa Hardwick Courtroom Deputy | JUDGE K. Nicole Mitchell | | PAGE 1 | |
|---|---|---|---|---|---|---|---|
| Govt | Deft | Name of Witness | | DIRECT | CROSS | REDIRECT | RECROSS |
| | | **Ryan Taylor Nichols Hearing** | | | | | |
| X | | TFO Gregory Harry | | X | X | X | X |
| | X | Bonnie Nichols | | X | X | X | |
| ---- | ---- | ------------------------------------------------- | | ----- | ---- | ----- | ----- |
| | | **Alex Kirk Harkrider Hearing** | | | | | |
| X | | TFO Gregory Harry | | X | X | X | X |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| V | § | CASE NO.  6:21-MJ-00028 |
| | | 6:21-MJ-00029 |
| RYAN TAYLOR NICHOLS (1) | | |
| ALEX KIRK HARKRIDER (2) | § | |

### EXHIBIT LIST

| K. NICOLE MITCHELL Presiding Judge | Ryan Locker Government's Attorney | FR "Buck" Files f/Nichols Greg Waldron f/Harkrider |
|---|---|---|
| Hearing Date: 1/22/2021 | Court Reporter: Shea Sloan | Courtroom Deputy: L. Hardwick |

| Gvt No. | Dft No. | Date Offered | Marked | Admitted | NICHOLS |
|---|---|---|---|---|---|
| 1 | | | | 1-22-21 | Video Clip |
| 2 | | | | 1-22-21 | Video Clip |
| 3 | | | | 1-22-21 | Photo image |
| 4 | | | | 1-22-21 | Video File |
| 5 | | | | 1-22-21 | Video File |
| 6 | | | | 1-22-21 | Photo image |
| 7 | | | | 1-22-21 | Photo image |
| 8 | | | | 1-22-21 | Photo image |
| | 1 | | | 1-22-21 | Photo image |
| | 2 | | | 1-22-21 | Photo image |
| | 3 | | | 1-22-21 | Photo image |
| | 4 | | | 1-22-21 | Photo image |
| | 5 | | | 1-22-21 | Copy of DD-214 |
| | | | | 1-22-21 | **HARKRIDER** |
| 9 | | | | 1-22-21 | Snap Chat post |
| 10 | | | | 1-22-21 | Video clip |

| 11 | | | | 1-22-21 | Tomahawk hatchet (photo copy) |
|----|--|--|--|---------|-------------------------------|
| 12 | | | | 1-22-21 | Photo image |
| 13 | | | | 1-22-21 | Photo image |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

AO 472 (Rev. 11/16) Order of Detention Pending Trial

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | **CASE NUMBER 6:21-MJ-00028-KNM** |
| v. | § | |
| | § | |
| | § | |
| ALEX KIRK HARKRIDER, | § | |
| | § | |

### DETENTION ORDER PENDING TRIAL

#### Part I - Eligibility for Detention

Upon the

    ☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

    ☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the court held a detention hearing and found that detention is warranted. This order sets forth the court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

#### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

    ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

        ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

        ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

        ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

        ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

        ☐ **(e)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

    ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

    ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

    ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 11/16) Detention Order Pending Trial

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

    ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

    ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

    ☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

    **OR**

    ☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

    ☒ Weight of evidence against the defendant is strong
    ☐ Subject to lengthy period of incarceration if convicted
    ☐ Prior criminal history
    ☐ Participation in criminal activity while on probation, parole, or supervision
    ☐ History of violence or use of weapons
    ☒ History of alcohol or substance abuse
    ☐ Lack of stable employment
    ☐ Lack of stable residence
    ☐ Lack of financially responsible sureties
    ☐ Lack of significant community or family ties to this district
    ☐ Significant family or other ties outside the United States

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

The government has shown by clear and convincing evidence that there are no conditions that would reasonably assure the safety of the community and has shown by a preponderance of the evidence that there is a serious risk that the defendant will flee or not appear in court when required.  The nature of the alleged offense and the weight of the evidence presented at the hearing favor detention.   I am particularly concerned about the defendant's text communications discussing bringing firearms to the Capitol, evidence that the defendant did bring a weapon with him onto the Capitol grounds, and video evidence of the defendant entering the Capitol building.  The defendant's mental health history and past abuse of alcohol also support detention

**Part IV - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:        January 22, 2021

(Honorable K. Nicole Mitchell
United States Magistrate Judge

AO 94  (Rev. 06/09) Commitment to Another District

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.   6:21-MJ-00028-KNM |
| | ) | |
| ALEX KIRK HARKRIDER | ) | Charging District's |
| *Defendant* | ) | Case No.   6:21-MJ-00103 |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the _____ District of   Columbia _____ ,

*(if applicable)* _____ division.  The defendant may need an interpreter for this language:

_____ .

The defendant:   ☐ will retain an attorney.

☑ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant.  The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled.  The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date:   1-22-2021 _____

_____ _____

*Judge's signature*

K. Nicole Mitchell, U.S. Magistrate Judge

*Printed name and title*

Case 6:21-mj-00028-KNM    Document 13    Filed 01/26/21    Page 1 of 1 PageID #: 24

AO 435
(Rev. 04/18)

ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS

**TRANSCRIPT ORDER**

FOR COURT USE ONLY
DUE DATE:

*Please Read Instructions:*

| 1. NAME Courtney Stern, Longview News-Journal | 2. PHONE NUMBER (903) 232-7225 | 3. DATE 1/25/2021 |
|---|---|---|

| 4. DELIVERY ADDRESS OR EMAIL cstern@news-journal.com | 5. CITY Longview | 6. STATE TX | 7. ZIP CODE |
|---|---|---|---|

| 8. CASE NUMBER 6:21-MJ-00004-KNM; 00029 | 9. JUDGE K. Nicole Mitchell | DATES OF PROCEEDINGS |
|---|---|---|
| | | 10. FROM 1/22/2021    11. TO 1/25/2021 |

| 12. CASE NAME USA vs. Ryan Taylor Nichols and Alex Harkrider | LOCATION OF PROCEEDINGS |
|---|---|
| | 13. CITY Tyler    14. STATE TX |

**15. ORDER FOR**

- [ ] APPEAL
- [ ] NON-APPEAL
- [x] CRIMINAL
- [ ] CIVIL
- [ ] CRIMINAL JUSTICE ACT
- [ ] IN FORMA PAUPERIS
- [ ] BANKRUPTCY
- [ ] OTHER

16. TRANSCRIPT REQUESTED (Specify portion(s) and date(s) of proceeding(s) for which transcript is requested)

| PORTIONS | DATE(S) | PORTION(S) | DATE(S) |
|---|---|---|---|
| [ ] VOIR DIRE | | [ ] TESTIMONY (Specify Witness) | |
| [ ] OPENING STATEMENT (Plaintiff) | | | |
| [ ] OPENING STATEMENT (Defendant) | | | |
| [ ] CLOSING ARGUMENT (Plaintiff) | | [ ] PRE-TRIAL PROCEEDING (Spcy) | |
| [ ] CLOSING ARGUMENT (Defendant) | | | |
| [ ] OPINION OF COURT | | | |
| [ ] JURY INSTRUCTIONS | | [ ] OTHER (Specify) | |
| [ ] SENTENCING | | | |
| [x] BAIL HEARING | 1-22-2021 (entire hearing) | | |

RECEIVED

JAN 26 2021

Clerk, U.S. District Court
Texas Eastern

**17. ORDER**

| CATEGORY | ORIGINAL (Includes Certified Copy to Clerk for Records of the Court) | FIRST COPY | ADDITIONAL COPIES | NO. OF PAGES ESTIMATE | COSTS |
|---|---|---|---|---|---|
| ORDINARY | [ ] | [ ] | NO. OF COPIES | | |
| 14-Day | [ ] | [ ] | NO. OF COPIES | | |
| EXPEDITED | [ ] | [ ] | NO. OF COPIES | | |
| 3-Day | [ ] | [ ] | NO. OF COPIES | | |
| DAILY | [ ] | [ ] | NO. OF COPIES | | |
| HOURLY | [x] | [x] | NO. OF COPIES | | |
| REALTIME | [ ] | [ ] | | | |

CERTIFICATION (18. & 19.)
By signing below, I certify that I will pay all charges
(deposit plus additional).

| 18. SIGNATURE Courtney E. Stern *Courtney Stern* | ESTIMATE TOTAL | 0.00 |
|---|---|---|
| 19. DATE 1/25/2021 | PROCESSED BY | |
| | PHONE NUMBER | |

| TRANSCRIPT TO BE PREPARED BY | COURT ADDRESS |
|---|---|
| | |

| ORDER RECEIVED | DATE | BY |
|---|---|---|
| DEPOSIT PAID | | DEPOSIT PAID | |
| TRANSCRIPT ORDERED | | TOTAL CHARGES | 0.00 |
| TRANSCRIPT RECEIVED | | LESS DEPOSIT | |
| ORDERING PARTY NOTIFIED TO PICK UP TRANSCRIPT | | TOTAL REFUNDED | |
| PARTY RECEIVED TRANSCRIPT | | TOTAL DUE | 0.00 |

DISTRIBUTION:    COURT COPY    TRANSCRIPTION COPY    ORDER RECEIPT    ORDER COPY

AO 436
(Rev. 04/13)

*Read Instructions.*

ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS
# AUDIO RECORDING ORDER

| 1. NAME | 2. PHONE NUMBER | 3. EMAIL ADDRESS |
|---|---|---|
| Courtney Stern, Longview News-Journal | (903) 232-7225 | cstern@news-journal.com |

| 4. MAILING ADDRESS | 5. CITY | 6. STATE | 7. ZIP CODE |
|---|---|---|---|
| 320 E. Methvin Street | Longview | TX | 75601 |

| 8. CASE NUMBER | 9. CASE NAME | DATES OF PROCEEDINGS | |
|---|---|---|---|
| 6:21-MJ-00004-KNM; 00029- | Ryan Nichols, Alex Harkrider | 10. FROM 1/22/2021 | 11. TO  1/25/2021 |

| 12. PRESIDING JUDGE | LOCATION OF PROCEEDINGS | |
|---|---|---|
| K. Nicole Mitchell | 13. CITY Tyler | 14. STATE TX |

### 15. ORDER FOR

☐ APPEAL       ☒ CRIMINAL          ☐ CRIMINAL JUSTICE ACT          ☐ BANKRUPTCY
☐ NON-APPEAL   ☐ CIVIL             ☐ IN FORMA PAUPERIS            ☐ OTHER *(Specify)*

**16. AUDIO RECORDING REQUESTED** *(Specify portion(s) and date(s) of proceeding(s) for which duplicate recordings are requested.)*

| | PORTION (S) | DATE(S) | | PORTION(S) | DATE(S) |
|---|---|---|---|---|---|
| ☐ | VOIR DIRE | | ☐ | TESTIMONY *(Specify Witness)* | RECEIVED |
| ☐ | OPENING STATEMENT (Plaintiff) | | | | |
| ☐ | OPENING STATEMENT (Defendant) | | | | |
| ☐ | CLOSING ARGUMENT (Plaintiff) | | ☐ | PRE-TRIAL PROCEEDING *(Specify)* | JAN 2 6 2021 |
| ☐ | CLOSING ARGUMENT (Defendant) | | | | |
| ☐ | OPINION OF COURT | | | | Clerk, U.S. District Court |
| ☐ | JURY INSTRUCTIONS | | ☐ | OTHER *(Specify)* | Texas Eastern |
| ☐ | SENTENCING | | | | |
| ☒ | BAIL HEARING | 1-22-2021 (entire hearing | | | |

### 17. ORDER

| | | NO. OF COPIES REQUESTED | COSTS |
|---|---|---|---|
| ☐ | DUPLICATE TAPE(S) FOR PLAYBACK ON A STANDARD CASSETTE RECORDER | | |
| ☐ | RECORDABLE COMPACT DISC - CD | | |
| ☒ | ELECTRONIC FILE *(via email, digital download, or other Judicial Conference Approved Media)* | 1 | |
| | | ESTIMATE TOTAL | 0.00 |

**CERTIFICATION (18. & 19.)** By signing below, I certify that I will pay all charges (deposit plus additional) upon completion of the order.

| 18. SIGNATURE | 19. DATE |
|---|---|
| Courtney E. Stern       *Courtney Stern* | 1/25/2021 |

| PROCESSED BY | PHONE NUMBER |
|---|---|

| ORDER RECEIVED | DATE | BY | DEPOSIT PAID | |
|---|---|---|---|---|
| DEPOSIT PAID | | | TOTAL CHARGES | 0.00 |
| TAPE/CD DUPLICATED *(if applicable)* | | | LESS DEPOSIT | |
| ORDERING PARTY NOTIFIED TO PICK UP TAPE/CD *(if applicable)* | | | TOTAL REFUNDED | |
| PARTY RECEIVED AUDIO RECORDING | | | TOTAL DUE | 0.00 |

DISTRIBUTION:        COURT COPY        ORDER RECEIPT        ORDER COPY

# U.S. District Court
## Eastern District of TEXAS [LIVE] (Tyler)
## CRIMINAL DOCKET FOR CASE #: 6:21-mj-00028-KNM-1
### Internal Use Only

Case title: USA v. Harkrider                     Date Filed: 01/19/2021

Assigned to: Magistrate Judge K.
Nicole Mitchell

**Defendant (1)**

**Alex Kirk Harkrider**                 represented by **Gregory Allen Waldron**
                                        Holmes & Moore, PLLC
                                        110 West Methvin
                                        P O Drawer 3267
                                        Longview, TX 75606
                                        903/758-2200
                                        Fax: 903/758-7864
                                        Email: gwaldron@holmesmoore.com
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*
                                        *Designation: CJA Appointment*

**Pending Counts**                      **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                   **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                          **Disposition**

Conspiracy and Unlawful Entry with
Dangerous Weapon; Violent Entry and
Disorderly Conduct on Capitol Grounds
Aiding and Abetting



A TRUE COPY I CERTIFY
DAVID A O'TOOLE, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

By: _____ *Lisa Hardwick* _____

**Plaintiff**

**USA**                           represented by **Dan Ryan Locker**
                                                 US Attorney's Office - Tyler
                                                 110 N College, Suite 700
                                                 Tyler, TX 75702
                                                 903-590-1400
                                                 Fax: 903-590-1439
                                                 Email: ryan.locker@usdoj.gov
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*
                                                 Designation: Assistant US Attorney

| Date Filed | # | Docket Text |
|---|---|---|
| 01/18/2021 | | Arrest (Rule 5c) of Alex Kirk Harkrider (leh, ) (Entered: 01/19/2021) |
| 01/19/2021 | 1 | Rule 5(c)(3) Documents Received as to Alex Kirk Harkrider from District of Columbia. (leh, ) (Entered: 01/19/2021) |
| 01/19/2021 | 2 | Minute Entry for proceedings held before Magistrate Judge K. Nicole Mitchell:Initial Appearance in Rule 5(c)(3) Proceedings as to Alex Kirk Harkrider held via video conference with Gregg County Jail on 1/19/2021. Deft advised of rights. Deft requested court appointed counsel and was found eligible, CJA Attorney Greg Waldron appointed for hearings in this district. Deft waived hearing on identity. Govt moved for detention. Deft requested hearing on detention and preliminary hearing in this district. Detention and Preliminary Hearing set for 1/22/21 at 1:30 p.m. Deft remanded to the custody of the U.S. Marshals. (Court Reporter L Hardwick/ECRO.) (leh, ) (Entered: 01/19/2021) |
| 01/19/2021 | 3 | ORDER APPOINTING CJA ATTORNEY as to Alex Kirk Harkrider: Gregory Allen Waldron appointed for hearings in this district. Signed by Magistrate Judge K. Nicole Mitchell on 1/19/21. (leh, ) (Entered: 01/19/2021) |
| 01/19/2021 | 4 | WAIVER of Rights and Consent to Proceed by video conference by Alex Kirk Harkrider (leh, ) (Entered: 01/19/2021) |
| 01/19/2021 | | ORAL MOTION for Detention by USA as to Alex Kirk Harkrider. (leh, ) (Entered: 01/19/2021) |
| 01/19/2021 | | NOTICE OF HEARING as to Alex Kirk Harkrider. Detention Hearing and Preliminary Examination set for 1/22/2021 at 1:30 PM before Magistrate Judge K. Nicole Mitchell. (leh, ) (Entered: 01/19/2021) |
| 01/19/2021 | 5 | WAIVER of Rule 5(c)(3) Hearing as to Hearing on Identity only by Alex Kirk Harkrider (leh, ) (Entered: 01/19/2021) |
| 01/20/2021 | 6 | (SEALED) PRETRIAL SERVICES BOND REPORT as to Alex Kirk Harkrider (nmanley, ) (Entered: 01/20/2021) |
| 01/21/2021 | 7 | (SEALED) PRETRIAL SERVICES BOND REPORT - Addendum as |

| | | to Alex Kirk Harkrider (nmanley, ) (Entered: 01/21/2021) |
|---|---|---|
| 01/22/2021 | 8 | Minute Entry for proceedings held before Magistrate Judge K. Nicole Mitchell:Detention Hearing and Preliminary Hearing as to Alex Kirk Harkrider held on 1/22/2021, (Court Reporter Shea Sloan.) (leh, ) (Entered: 01/25/2021) |
| 01/22/2021 | 9 | WITNESS LIST as to Alex Kirk Harkrider (leh, ) (Entered: 01/25/2021) |
| 01/22/2021 | 10 | EXHIBIT LIST as to Alex Kirk Harkrider (leh, ) (Entered: 01/25/2021) |
| 01/25/2021 | 11 | ORDER OF DETENTION PENDING TRIAL as to Alex Kirk Harkrider. Signed by Magistrate Judge K. Nicole Mitchell on 1/22/21. (leh, ) (Entered: 01/25/2021) |
| 01/25/2021 | 12 | COMMITMENT TO ANOTHER DISTRICT as to Alex Kirk Harkrider. Defendant committed to District of Columbia. Signed by Magistrate Judge K. Nicole Mitchell on 1/22/21. (leh, ) (Entered: 01/25/2021) |
| 01/26/2021 | 13 | PAPER TRANSCRIPT REQUEST by Longview News-Journal as to Alex Kirk Harkrider for proceedings held on 01/22/2021 Detention Hearing before Judge K Nicole Mitchell. (mll, ) Forwarded to official court reporter, Shea Sloan, on 1/26/2021. (bas) (Entered: 01/26/2021) |
| 01/26/2021 | 14 | Digital Audio Recording Request by Longview News-Journal as to Alex Kirk Harkrider for proceedings held on 01/22/2021 Detention Hearing before Judge K Nicole Mitchell. (mll, ) (Entered: 01/26/2021) |
| 01/27/2021 | 🔒 15 | E-GOV SEALED Arrest Warrant Returned Executed on 1/18/21 in case as to Alex Kirk Harkrider. (leh, ) (Entered: 01/27/2021) |